## Seibert *v.* Sebring, Appellant.

*Boroughs—Municipalities—Erection of private sign in public street.*

A borough has no right to grant to the owner of a garage a license to erect a permanent sign in front of the property of another without the latter's permission, on a public street for the sole purpose of advertising his private business; and this is the case although the sign may be useful in directing travelers driving into the borough to a place where they may find garage accommodations.

Argued Oct. 28, 1913. Appeal, No. 62, Oct. T., 1913, by defendant, from decree of C. P. Centre Co., Sept. T., 1911, No. 2, on bill in equity in case of James L. Seibert v. John Sebring, Jr. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Bill in equity for an injunction.

HALL, P. J., filed the following opinion:

The plaintiff, James L. Seibert, is the owner in fee of a certain lot situate in the borough of Bellefonte, having a frontage of forty-two feet and a depth of 200 feet. It is bounded on the east by Allegheny street, one of the principal streets of the borough, on the north by Burrows avenue and on the west by Locust avenue.

Immediately in the rear of this lot across Locust avenue the defendant, John Sebring, Jr., occupies and uses an automobile garage on a lot owned by his father, which has a frontage of fifty feet on Spring street, and is bounded on the west by Spring street, on the north by Burrows alley and on the south by Locust alley. Allegheny street is macadamized, the driveway thereon being the width of about thirty-five feet, with concrete curbs on each side, several inches higher than the driveway and between these curbs and the sidewalk on each side, a distance of about ten feet there is a grass covered strip of land in which shade trees are planted. This portion of Allegheny street is one of the principal residential parts of the borough, this portion of the town being given up entirely to residences, churches and schools. About May 1, 1911, the defendant, disregarding the objections of the plaintiff, during the nighttime and without the knowledge of the plaintiff, erected or caused to be erected in the grass grown strip between the curb and the sidewalk in front of plaintiff's lot at the intersection of Allegheny street and Locust alley an iron post embedded in a foundation of concrete, to the upper part of which post there is attached a rectangular iron sign about three feet in length and about fourteen inches in width, extending from the post toward the center of Allegheny street at right angles thereto, on both sides of which appear the words "Bellefonte Fire-Proof Garage" and also a hand with an index finger indicating the direction along Burrows alley to the rear of plaintiff's lot where the defendant's garage is situated. Permission for the erection of this sign was granted to the defendant at a meeting of the town council on May 1, 1911, but on August 7, 1911, this permission was rescinded in resolution setting forth that it had been granted under the impression that the defendant had obtained permission of the abutting property owner and as it now appeared that this was a misapprehension and that Mr. Sebring had been notified by the abutting

property owner not to place said sign in front of his property, the permission formerly given was rescinded and revoked. Subsequently the plaintiff requested the defendant to remove the sign but without avail. Still later the signpost was cut off a few inches from the ground in the nighttime by persons unknown and thereafter the defendant caused the signpost to be welded or joined together in its original position. After this was done and before the bringing of this suit, the plaintiff again requested the defendant to remove the sign and was informed by the defendant that he would not remove it or agree to its removal and that if it were again removed he would erect another, whereupon the plaintiff brought this bill praying for a perpetual writ of injunction restraining the defendant, his agents or employees, from maintaining or interfering with the removal of the sign, and commanding him to remove the said signpost and its foundation and to fill in the hole left by such removal and to cover the same with sod.

The plaintiff's ownership of the lot fronting on Allegheny street and Locust alley vests in him the fee to the center of the street and alley subject only to the easement of the borough for legitimate municipal purposes. And the erection by the defendant of the sign complained of which conserves no purpose whatever except the advertisement of his own private business constitutes a continuing and permanent trespass on the land. The law upon this subject as first declared in Pennsylvania in the case of Paul v. Carver, 26 Pa. 207, need not be elaborated by the citation of the many later decisions following that case. In that case the syllabus is as follows: "Where a public street or highway is called for as a boundary or monument in a deed it is used as an entirety to the center of it, and to that extent the fee passes. In such cases, it will require an express exception in the deed, or some clear and unequivocal declaration, or certain and immemorial usage, to limit the title of the grantee to the edge of the street. And although

the measurement of the distance set forth in the conveyance, brings the line only to the side of the street, this is not sufficient to control the rule of law which carries the title to the center of it." This case has been cited and approved in twenty-eight subsequent decisions of our Supreme Court, the last one being the case of Saccone v. West End Trust Co., 224 Pa. 554, and its doctrine may now be regarded as firmly settled in the laws of Pennsylvania.

While it is true that municipalities have broad powers relative to their public highways for all municipal purposes we know of no case where it has been held that they could give permission to use any part of the highway for a purely private purpose. All of the cases cited to us by the learned counsel for the defendant look toward the conservation of some public utility or some private necessity dependent thereon. In the case of Benner v. Junker, 190 Pa. 423, it was held that, "no property owner no matter what the necessities of his trade may be has a right to use the sidewalk in front of his neighbor's residence for business purposes. He not only has not the right to use it continually, he has not the right to use it at all for such purposes. If he does so use it a court of equity will enjoin him." Municipalities have been allowed to fix by ordinance the use of the footway for cellar entrances, balconies, bay windows, the planting of shade trees along the highway, etc., but all of these powers must be by general regulations applied to all people alike. They have been held to have the power to grant a property owner the right to lay a water pipe in the street, to conduct the water from his residence to certain other houses which he owns, but this was because the ordinance was held to be within the purview of the powers of the municipal authorities to regulate the water supply of its citizens. No case, however, maintains or even suggests the right of a municipality to grant to an individual a license to erect a permanent structure in front of the property of

another on a public street for the sole purpose of advertising his private business. It has been argued by the counsel for the defendant that this sign conserves a public purpose by directing travelers driving into the borough to a place where they may find garage accommodations, but if this view were upheld the entire front of the plaintiff's lot might be screened from the view of the street by the erection of additional signs setting forth that the hotel was three blocks further on, the brewery in some other section of the city and the various dealers in dry goods and groceries might also advertise their respective locations. The temporary obstruction of a street on the ground of reasonable necessity such as unloading wood on the street for the purpose of having it carried into the house, or the storing of building materials in a convenient manner while a building is being erected, or a merchant having his goods placed in the street for the purpose of removing them to his store within reasonable time, have been held to be justified, but the merchant has no right to keep his goods on the street for the purpose of selling them, because there is no necessity for it: Com. v. Passmore, 1 S. & R. 217, and this case was decided notwithstanding an ordinance to the contrary. We have referred to the fact that all permission to use the public streets must be by the establishment of general regulations. In Com. v. Harris, 15 Phila. 10, affirmed by the Supreme Court July Term, 1881, No. 11, it was held that the powers invested in the council of the city of Philadelphia by the Act of April 16, 1838, P. L. 626, with regard to bay windows only authorized them to make and establish general rules for the regulation of such erection but did not confer upon them the right to grant by special ordinance permission to construct a bay window in any one particular house. In a similar case, Reimer's App., 100 Pa. 182, it was said that where public rights are invaded there is no principle that prevents an injunction being granted. "In such case no question as to the

amount of damages is raised but simply one of the invasion of right." In the case of Com. v. Kembel, 30 Pa. Superior Ct. 199, referring to the appropriation for a private purpose of space in the highway, the court below said, that one who appropriates to himself space in the highway "creates a purpresture by making several to himself that which ought to be common to many."

It will be seen, therefore, that the grant of a license by the borough council in the present case for the erection of the said sign in front of the plaintiff's property was clearly ultra vires and void and as this has been recognized by the council and the license revoked the defendant has no standing by reason of it.

A purpresture may be defined as an appropriation by an individual of a part of that which belongs to and ought to be free and open to the enjoyment of the public at large. A nuisance may be either public or private. It is public when it affects the right to which every citizen is entitled. It is private where it is done to the hurt, annoyance, or detriment of the lands, tenements, or hereditaments of another, and not amounting to a trespass; any unwarrantable, unreasonable, or unlawful use by a person of his own property, to the injury of another constitutes a private nuisance. And so in our view of the present case the sign in question may be regarded as a purpresture inasmuch as it is an appropriation by a private individual of space in the highway which should be common to the public. It is also a public nuisance for the reason that it is an invasion of the rights to which every citizen is entitled and it is a private nuisance because it is an unlawful act which is done to the annoyance and detriment of the land of the plaintiff. Any person who is injured by a private nuisance may bring a proceeding for equitable relief in his own name and where a wrong is of a continuing character or productive of damages which cannot be estimated by ordinary standards, the damages may be

said to be irreparable and an injunction will lie: Pennsylvania Lead Co.'s App., 96 Pa. 116. It is contended upon the part of the defendant that this action rests solely upon the claim of trespass upon the property of the plaintiff and that as his title is not clear equity cannot intervene. In our view of the case the plaintiff's title to the center of the street is entirely clear, but even if it were not and he had no title at all yet as one who is specially injured by a nuisance occurring in the street in front of his property equity would still have jurisdiction. "A man is not to be driven from his home by an offensive obstruction, or compelled to sell it, even for more than its value by one who is not invested with power to injure or take it for public purposes:" Penna. R. R. Co.'s App., 115 Pa. 514; Garvey v. Refractories Co., 213 Pa. 177. "If the right is clear and not doubtful, it need not first be established by a suit at law, nor is it necessary that the owner should prove special damage to entitle him to a decree:" Hacke's App., 101 Pa. 245.

The court entered a final decree awarding the injunction prayed for by the bill.

*Error assigned* was the decree of the court.

*W. D. Zerby*, with him *John J. Bower* and *S. D. Gettig*, for appellant.—A borough has power to grant a license to an individual to use a street for the same kind of purpose that the borough may use it: Wood v. McGrath, 150 Pa. 451; Shinzel v. Bell Telephone Co., 31 Pa. Superior Ct. 221.

A court of equity will not grant an injunction where the right of complainant is doubtful or is disputed: Wood v. McGrath, 150 Pa. 451; Rhea v. Forsyth, 37 Pa. 503; Mowday v. Moore, 133 Pa. 598; New Castle v. Raney, 130 Pa. 546.

Whether a nuisance be public or private, injury to himself must be proven by the complainant before an

injunction will be awarded: Huckenstine's App., 70 Pa. 102; Sparhawk v. Union Passenger Railway Co., 54 Pa. 401; Black v. Philadelphia & Reading R. R. Co., 58 Pa. 249.

A private party cannot maintain bill for injunction without proof of distinct injury: Buck Mountain Coal Co. v. Lehigh Coal & Navigation Co., 50 Pa. 91; Sparhawk v. Union Passenger Railway Co., 54 Pa. 401; Black v. Philadelphia & Reading Railroad Co., 58 Pa. 249; Mechling v. Kittanning Bridge Co., 1 Grant, 416; Knowles v. Pa. R. R. Co., 175 Pa. 623.

*John Blanchard,* with him *W. Harrison Walker* and *Edmund Blanchard,* for appellee.—Plaintiff's ownership to the center of these two highways is subject only to the easement of the public and the borough in these highways, for the purposes of passage and travel and for legitimate municipal purposes.  The erection and maintenance of the defendant's automobile garage sign within these lines is not such a purpose: Fisher v. Harrisburg, 2 Grant, 291; Com. v. George, 148 Pa. 463; Wood v. McGrath, 150 Pa. 451; Smith v. Simmons, 103 Pa. 32; Susquehanna Depot Boro. v. Simmons, 112 Pa. 384.

Per Curiam, December 8, 1913:

All that need be said in order to make clear the questions involved in this appeal and to vindicate the final decree is contained in the opinion of the learned president judge of the twenty-fifth judicial district, specially presiding, in which we all concur.

The decree is affirmed at the costs of the appellant, and it is further ordered that the defendant be allowed a period of twenty days from the date of the decree of this court within which to perform that part of the decree which reads "to remove the said sign post and its said foundation, and also to dig out of the ground all concrete or other foundation matter used in establishing the said foundation, and to fill in the hole left

by the removal of said foundation and concrete with proper earth for sustaining sod," and that that part of the decree relating to sodding be performed so soon thereafter as the weather will permit.