From James L. Schaadt, Allentown, Pa.

---

## Baldwin v. Conway.

*Equity — Injunction — Nuisance — News-stand — Municipalities — Public streets—Use for private purposes.*

1. Ownership of land ordinarily vests title to the centre of an abutting street, subject only to the easement of the city for legitimate municipal purposes.

2. A municipality cannot give permission to use any part of the highway for a purely private purpose, and the maintenance of a news-stand will be restrained as a private nuisance.

3. The fact that plaintiff brought this action on the failure of defendant to continue payments of rent does not affect his right of action.

Bill for injunction to restrain nuisance. C. P. Erie Co., Sept. T., 1921, No. 1, in Equity.

*S. Y. Rossitter* and *Otto Herbst,* for plaintiff.

*W. R. Seabrook,* for defendant.

HIRT, J., March 1, 1922.—This is an action in equity to restrain a private nuisance, before the court on exceptions to defendant's answer, raising the question of the sufficiency of the answer.

From the averments of the bill and the admissions of the answer, it appears that: 1. Plaintiff is the owner in fee of land situate on the southwest corner of Tenth and State Streets, in the City of Erie, having a frontage on Tenth Street of 100 feet and on State Street of 40.8 feet. 2. Defendant has erected and has maintained a news-stand upon the space between the sidewalk and the curb on Tenth Street in front of the property of plaintiff.

The prayer of the bill asks that the defendant be restrained from maintaining this news-stand and for a further order compelling him to remove the same.

Defendant in his answer, admitting the facts above set forth, avers that plaintiff has been charging defendant at the rate of $10 per month for the privilege of maintaining the news-stand in front of his building, and that on the refusal of defendant to make further payments, this action was brought to oust defendant. Defendant avers that for this reason plaintiff has not

come into court with clean hands, and that, therefore, he cannot maintain this action. This averment is the subject of the exceptions.

## Discussion.

Plaintiff's ownership of the land vests in him the fee to the centre of the street, subject only to the easement of the city for legitimate municipal purposes. Even though a permit has been given defendant by the city to maintain and operate a news-stand at this location, yet such permission is not in the furtherance of a municipal purpose and cannot affect the rights of plaintiff. A municipality cannot give permission to use any part of the highway for a purely private purpose: Seibert v. Sebring, 55 Pa. Superior Ct. 475; Paul v. Carver, 26 Pa. 223.

The occupation of a part of this land by defendant is a purpresture, in that it is an appropriation of a part of that which belongs to, and ought to be free and open to, the enjoyment of the public at large. As to plaintiff, the occupation of the land by defendant is an invasion of property rights vested in plaintiff, and for this reason the purpresture is a private nuisance. Any person who is injured by a private nuisance may bring a proceeding in his own name, and where a wrong is of a character or productive of damages which cannot be estimated by ordinary standards, the damages may be said to be irreparable and injunction will lie: Pennsylvania Lead Co.'s Appeal, 96 Pa. 116.

There remains, then, only the question as to whether the allegation that plaintiff brought this action to oust defendant for non-payment of rent will bar the right to injunction. "Who comes into equity must come with clean hands," but the test, whether a demand connected with an illegal transaction can be enforced, is whether plaintiff requires the aid of the illegal transaction to establish his case. "Where the party seeking to recover is obliged to make out his case by showing an illegal contract or transaction, or through the medium of an illegal contract or transaction, he is not entitled to recover; but an agreement will be enforced even if it is incidental or indirectly connected with an illegal transaction, if the party did not require the aid of the illegal transaction to make out his case:" Stern v. Liberty M. I. Co., 269 Pa. 559. In this case the alleged payment of rentals required of the defendant as a condition on which his right to occupy the land depends does not go to the essence of plaintiff's right of action. His right to abate the nuisance is not affected by this or any other contract or agreement subsisting between him and the defendant. For this reason, the allegations of the answer as to the motive of plaintiff in bringing this action (which is the sole defence interposed) are impertinent to the issues in this case.

## Conclusions of law.

1. The answer of defendant is insufficient in law; the exceptions to the answer should be sustained.

2. An injunction should issue restraining the defendant from using, operating and maintaining the news-stand in question.

3. An order should be entered compelling defendant to remove the news-stand in question from the premises forthwith.

4. Defendant should pay the costs of this proceeding.

## Order.

And now, to wit, March 1, 1922, the prothonotary is directed to enter a decree nisi in accordance with the above opinion, to become absolute unless exceptions are filed sec. reg.          From Lytle F. Perry, Erie, Pa.