Hindin et al., Appellants, *v.* Samuel, Mayor, et al.

Argued November 20, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

540

 

*Robert H. Arronson,* for appellants.

*James Francis Ryan,* with him *Samuel Feldman,* Assistant City Solicitors, and *Frank F. Truscott,* City Solicitor, for appellees.

OPINION BY ROSS, J., January 18, 1946:

A bill in equity was filed by the plaintiffs as tax-payers, residents, citizens and owners of real estate in the City of Philadelphia to restrain the enforcement of an ordinance of Council of the City of Philadelphia, adopted on April 30, 1941. The ordinance provides that peddlers of certain classifications of foods shall be licensed by the Board of Health; that they shall be free from contagious or communicable disease; that the place or places where the food is processed be mentioned so as to afford opportunity to the Board of Health to examine the premises; sets forth the requirements under which applications for permits to peddle such foods may be made and the conditions under which they may be granted, refused, suspended or revoked.

Rose Bolinsky, one of the plaintiffs, is the owner of certain real estate located at the corner of Forty-seventh and Walnut Streets in the City of Philadelphia, where she conducts a luncheon, cigar, candy and ice cream business. The other plaintiff, Milton Hindin, was employed by Bolinsky in the store and in the sale of food to students of West Philadelphia High School during recess periods.

The plaintiffs have the various licenses and health certificates of the Commonwealth of Pennsylvania and

the City of Philadelphia except the one required under the ordinance of April 30, 1941. On October 10, 1944, Hindin was selling food to the students of West Philadelphia High School on the pavement at the southwest corner of 47th and Walnut Streets in the City of Philadelphia when he was arrested by a police officer for violating the ordinance of April 30, 1941, in that he did not have a license issued thereunder. The ordinance in question declares it to be unlawful for any person, firm or corporation to sell at retail upon any public street or highway of the City of Philadelphia any foodstuffs, as therein defined, from any stand, cart, basket or other container except in accordance with the provisions of the ordinance. The plaintiffs filed a bill in equity to restrain further arrests of Hindin, contending that the ordinance of April 30, 1941, is unconstitutional. The court below dismissed the bill and this appeal followed.

In the court below appellants attacked various provisions of the ordinance, but at the argument of this case before this court, limited their attack upon the constitutionality of the ordinance to Section 12, which provides as follows: "In the event that the owner or lessee of any premises shall object to the location of the business of an applicant or holder of a permit upon the highway in front of such premises and shall file formal complaint thereof with the Department of Public Health, the Director of the Department shall issue an order in accordance with the procedure prescribed by this ordinance, refusing to issue or suspending or revoking the permit, unless the applicant or permittee shall secure the written consent of the owner or lessee of those premises granting him the right to conduct his business at the designated location."

Appellants contend that Section 12 illegally delegates executive power to property owners and lessees of real estate to prevent the granting of a license to an applicant or to cause a license to be revoked. The section quoted merely permits by ordinance property own-

ers or lessees the right to object to the use of the "highway" in front of their premises for the conducting of a private business. The ordinance provides that " 'highway' shall mean any portion of any street between the house lines thereof".

In Pennsylvania it is well established that the title to property abutting on a public street extends to the center of that street. *Scranton v. Peoples Coal Co.,* 256 Pa. 332, 100 A. 818. The public acquires an easement in the highway; the fee of the land remaining in the owner subject to the easement and the land may be used by the owner for any purpose not inconsistent with the easement acquired by the public. *Duquesne Light Co. v. Duff,* 251 Pa. 607, 97 A. 82. No person, corporation or individual has the right to make a special or exceptional use of the public highway not common to all citizens except by grant from the sovereign power. *Owl Protective Co. v. Public Service Commission,* 123 Pa. Superior Ct. 382, 187 A. 229; *Philadelphia Co. v. Freeport Borough,* 167 Pa. 279, 31 A. 571. As this Court stated in *Philadelphia v. Teller,* 50 Pa. Superior Ct. 260, at page 265 : "The highways belong to the commonwealth in trust for the great body of the people, and he who claims a peculiar privilege to invade them must establish his right under some statute, or valid municipal regulation, ordained in pursuance of statutory authority. Livingston v. Wolf, 136 Pa. 519; Commonwealth v. Harris, 15 Phila. 10; Kopf v. Utter, 101 Pa. 27; Commonwealth v. Kembel, 30 Pa. Superior Ct. 199."

The sale of food upon the public highways or streets by private individuals for their own purposes and profits is not a public use or a public function of those streets or highways and a property owner or lessee may object and decline to have his property used for the business enterprise of other people. Consequently, the section of the ordinance to which appellants object takes away no rights from the plaintiffs and merely gives an additional remedy to the owners and lessees of properties for the

enforcement of rights they already possess under the law. Even where the state, by purchase or eminent domain, acquires a fee in the land upon which the highway rests, the abutting owner may prevent such unlawful uses of the street in front of his premises as amount to private nuisances. *Breining v. Allegheny Co.*, 332 Pa. 474, 479, 2 A. 2d 842; *Hopkins v. Catasauqua Mfg. Co.*, 180 Pa. 199, 201, 36 A. 735; *Laubach & Sons v. Easton*, 347 Pa. 542, 545, 32 A. 2d 881. Furthermore, the term "highway", as defined in the ordinance, is broad enough to include sidewalks, and the Act of May 3, 1927, P. L. 515, section 1, 17 PS 305, provides as follows: "The courts of common pleas of the several counties of this Commonwealth, in addition to the powers and jurisdictions heretofore possessed and exercised, shall have jurisdiction and powers of a court of chancery, so far as relates to the prevention, restraint, and abatement of encroachments on public sidewalks in front of residences, churches, hotels, apartment houses, or retail stores contrary to law and prejudicial to the interests of the community, upon the complaint of any municipality, or citizen thereof, alleging injury thereby, without regard to whether or not such citizen has suffered damage or injury which is special to himself, where the said municipality has failed or refused to institute action for the prevention or restrain of such encroachments in front of residences, churches, hotels, apartment houses, or retail stores contrary to law, within thirty days after written notice thereof to such municipality by or on behalf of such citizen."

Subject to the paramount authority of the Commonwealth, the regulation and control of the streets belong to the city government. *Philadelphia Electric Co. v. Philadelphia*, 301 Pa. 291, 152 A. 23. We are of the opinion that Section 12 of the ordinance in question does not improperly delegate executive powers to property owners or lessees, and the court below properly dismissed the appellants' bill.

Judgment affirmed at the cost of the appellants.