In the Matter of QUANTUM CORPORATION, Bankrupt
ALBERT G. LANG, TRUSTEE and AMERICAN FIDELITY FIRE INSURANCE COMPANY, Plaintiffs

**v.**

BANK OF NOVA SCOTIA, Defendant

No. B-5–1972

District Court of the Virgin Islands

Div. of St. Croix

March 27, 1975

ISHERWOOD, COLIANNI, ALKON & BARNARD, ESQS. (JAMES H. ISHERWOOD, of counsel), Christiansted, St. Croix, V.I., *for plaintiffs*

ELLISON & HOLMES, ESQS. (WILLIAM HOLMES, of counsel), Christiansted, St. Croix, V.I., *for defendant*

YOUNG, *District Judge*

### MEMORANDUM OPINION AND ORDER

The instant litigation arises out of the embezzlement by the qualified Receiver of Quantum Corporation of two

checks issued to the Receiver by the Bank of Nova Scotia. Briefly stated, plaintiff American Fidelity Fire Insurance Company, subrogee of the foregoing funds, along with the Trustee in Bankruptcy, alleges that because the issuance of the checks to the Receiver in his individual name violated the conditions and restrictions imposed upon and accepted by the bank, the bank is thus liable as a converter of the bankruptcy funds.

## I

Defendant bank moves pursuant to Rule 12(b)(6) for a dismissal of the complaint on the ground that plaintiff has failed to state a claim upon which relief can be granted. It is well recognized that upon review of a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff and the allegations taken as true. See, e.g., RKO v. Mellon National Bank & Trust Co., 436 F.2d 1297, 1300 n. 6 (3d Cir. 1970); Melo-Sonics Corp. v. Gropp, 342 F.2d 856, 858–59 (3d Cir. 1965). Assuming, as I must, the validity of plaintiff's assertion that defendant was not a designated depository, as provided in Section 61 of the Bankruptcy Act, the facts as stated in the complaint could support an imposition of liability upon the bank as constructive trustee. See American Surety Co. v. First National Bank, 141 F.2d 411, 415 (4th Cir. 1944). Such liability would be based on the acceptance by the bank of the bankruptcy funds with notice on the part of its officers of the breach of trust of which the trustee was guilty in making the deposit.

An alternative basis for liability might be found in Section 324 of the Restatement of Trusts (Second), which reads:

"If the trustee deposits trust funds in a bank, the bank is liable for participation in the breach of trust in receiving or in permitting the trustee to withdraw the trust funds, where the trustee commits a breach of trust in making the deposit or withdrawal, if, but only

436

if, the bank received the deposit or permitted the withdrawal with notice of the breach of trust."

See also IV Scott on Trusts § 324.3 and the cases cited therein. Again, the issue of notice must be resolved in plaintiff's favor at this stage of the proceeding.

Finally, the complaint alleges that the defendant bank ignored the clear restriction that all checks or other withdrawals had to be countersigned by the referee in bankruptcy. Such violation, if established at trial, would not discharge the bank's liability to the restrictive endorser and would thus provide another possible cause of action against the bank. See Hart and Willier, Commercial Paper § 8.08[3] (1973); Salsman v. National Commun. Bank, 246 A.2d 162, 169, 5 U.C.C. Rept. Serv. 779, 786–87 (N.J. Super. 1968), aff'd 251 A.2d 460 (N.J. App. Div. 1969).

## II

■ Defendant's claim that plaintiff has failed to join indispensable parties lacks substantial merit. As to the suggestion that the former trustee and embezzler of the funds in question be joined in this action, I find that his present incarceration would make such joinder impractical. Furthermore, defendant has failed to state, in compliance with Rule 719 of the Bankruptcy Rules, in what way complete relief could not be accorded among the parties already in the litigation as a result of plaintiff's failure to join the Receiver and Builders Insurance Company, or what interest the absentees might have in the outcome of the action. Moreover, since defendant has not yet filed a responsive pleading, it has the option of impleading the foregoing parties if it feels it would be prejudiced by their absence.

## III

Defendant Bank next claims that plaintiff has failed to meet the requirement of Rule 17(a) of the Federal Rules

of Civil Procedure, on the ground that Surety is not the real party in interest. Whatever validity this assertion may have had on the date the instant motion was filed has been vitiated by American Fidelity Fire Insurance v. Albert G. Lange, Trustee, et al., Civil No. 576-1973, December 18, 1974. By that decision, this Court held that American Fidelity was entitled by way of subrogation to $84,858.00 in progress payments on the Croixville Project, which sum constitutes much of the subject matter of the pending motion.

## IV

■ Defendant argues that although the bankruptcy referee has withdrawn from the case in the expectation of being called as a witness at trial, the entire administration of the Bankruptcy Court is so tainted by the referee's involvement as to render it an improper forum for deciding the issues presented. Couching its request in terms of venue, defendant asks this Court to exercise its discretion to transfer the instant case from the Bankruptcy to the District Court. Contrary to defendant's assumption, a transfer from the Bankruptcy to the District Court is a matter of jurisdiction rather than venue.[1] The discretion to which defendant alludes is contained in Rule 116 of the Bankruptcy Rules. Rules 116(b)(1), a venue provision, allows the Court to transfer a case from one district to another "in the interest of justice and for the convenience of the parties". The foregoing rule, read together with Rule 782, permits discretionary horizontal transfers from one District to another, or from one Bankruptcy Court to another. On the other hand, a vertical transfer, as from a Bankruptcy Court to a District Court, involves jurisdic-

---

[1] Even assuming, arguendo, that such removal was a simple matter of discretion, I would nonetheless find that the recusal by the referee in bankruptcy, fully satisfying the requirements of Section 36(b) of the Bankruptcy Act which prohibits a referee from acting "in cases in which [he is] directly or indirectly interested," is sufficient to protect the defendant's interests in this case.

tional elements not susceptible to such discretionary application.

■ The jurisdictional predicate of the Bankruptcy Court in this action rests largely on the fact that the subject matter of the controversy was in its possession upon filing of the petition in bankruptcy. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 483 (1940). It is evident that property is in the possession of the Bankruptcy Court when an officer of the court, such as a trustee, is in actual, physical possession of it. Murphy v. John Hofman Co., 211 U.S. 562, 569–70 (1909). The fact that the Receiver in this case has embezzled and then absconded with the funds does not alter the nature of the possession in the Bankruptcy Court.

"If the bankruptcy court voluntarily delivers property to a claimant, the possession of the court is lost, and the claim of the claimant becomes adverse, precluding the court from summarily determining the claimant's right to the property without his consent. But, if the surrender of the property is unauthorized, the court's jurisdiction is not affected; and it may determine all controversies by summary action, as though such surrender had not been made. It has been said that the property in such a situation is in the constructive possession of the court." 2 Collier on Bankruptcy ¶ 23.05[5], at 493 (1975); see also Abraham v. Shinberg, 190 F.2d 595, 597 (D.C. Cir. 1951); Irving Trust Co. v. Fleming, 73 F.2d 423, 427 (4th Cir. 1934).

## V

■ Defendant finally contends that Section 70(d)(5) of the Bankruptcy Act, which provides in pertinent part that "[n]othing in this Act shall impair the negotiability of currency or negotiable instruments," would take the instant case out of the Bankruptcy forum. Initially, it is important to note that Section 70 is the "title to property" section of the Act, which principally grants to the trustee full title to the bankrupt's remaining property as of the date of filing in bankruptcy. By the foregoing negotiability

439

provision, Congress apparently intended that even though transfers by or in behalf of the bankrupt after the date of bankruptcy are invalid as between the bankrupt and trustee, a transferee of a negotiable instrument from the bankrupt or his agent nonetheless may take title as a holder in due course, at least up to the time of discharge in bankruptcy. Cf. U.C.C. 3—305(2)(d). If such a transfer is not invalidated by Section 70, then it follows that such transfer could conceivably constitute the voluntary surrender necessary to take the matter out of the jurisdiction of the Bankruptcy Court. See discussion in Part IV, supra. Of the applicability of the foregoing to the instant case, I need only suggest that an embezzler must fail under almost every conceivable requirement for holder in due course status. See U.C.C. 3—302 to 3—304. Therefore, Section 70(d)(5) does not divest the Bankruptcy Court of jurisdiction in this matter.

## ORDER

In accordance with the foregoing Memorandum Opinion and the reasons set forth therein, it is hereby ORDERED:

1. That defendant Bank of Nova Scotia's Motion to Dismiss be DENIED; and

2. That, in accordance with Rule 12(a)(1) of the Federal Rules of Civil Procedure, defendant Bank of Nova Scotia file a responsive pleading within ten (10) days of the date hereof.