# Ormsby Land Co. *v.* Pittsburgh et al., Appellants.

*Road law—Municipalities—Dedication of land for highway—Lease of bed of street to private corporation—Injunction—Equity.*

1. When land is dedicated for street purposes by the owner, and accepted by the municipality, such action is equivalent to a taking, and the property so taken may not be applied lawfully to another and distinct purpose by the municipality, unless it be a public use not inconsistent with its use as a highway.

2. The municipality has no power to lease the bed of such a street to a private corporation for a private purpose.

3. If it attempts to do so, it may be enjoined in a suit by the owner of the fee in the street and in the abutting property.

Argued October 12, 1922. Appeal, No. 190, Oct. T., 1922, by defendants, from decree of C. P. Allegheny Co., Jan. T., 1921, No. 1107, on bill in equity, in case of Ormsby Land Co. v. City of Pittsburgh and the John Eichleay, Jr., Company. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill in equity for injunction. Before EVANS, J.
The opinion of the Supreme Court states the facts.
Decree for plaintiff. Defendants appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Thomas M. Benner,* First Assistant City Solicitor, with him *Richard W. Martin,* City Solicitor, for appellants.—The legislature has the power to vacate a public street without the consent of those whose private interests may be affected by it, and without providing for compensation for the injury: P. R. R.'s App., 115 Pa. 514; Harnish v. R. R., 246 Pa. 426; State Highway Route No. 72, 265 Pa. 372.

If the legislature can authorize a vacation for all time, it can authorize a vacation for a limited time: Mahon v.

Commissioners of Luzerne County, 175 Pa. 279; Baird
v. Rice, 63 Pa. 489; Com. ex rel. v. Boro., 201 Pa. 154.

*Hill Burgwin,* of *Burgwin, Scully & Burgwin,* for appellee, was not heard.

PER CURIAM, January 3, 1923:

In 1841 partition proceedings were had in the Orphans' Court of Allegheny County in the estate of Oliver Ormsby, deceased, in which a street one hundred feet in width, designated as Water Street, was laid out and dedicated to the public as a thoroughfare. The street, however, was never opened, although later accepted by the City of Pittsburgh as one of its highways upon that territory becoming part of the municipality. Under the terms of an ordinance, approved by the mayor October 20, 1920, authorizing such action, a portion of the land included within the street was leased by the city's proper officers to the John Eichleay, Jr., Company, a private corporation, for the purpose of the company, at an annual rental of $1,940. Plaintiff, the owner of the fee in the land over which the street was laid out as well as of the immediately abutting property, objected to the action of the city officials, denied their right to enter into the agreement, and by its bill asked that the city be enjoined from leasing the land to any person, partnership or corporation, and that the Eichleay lease be declared void. The court below entered a decree restraining the city from using the land within the limits of the street for other than highway purposes and declared void the lease made with the John Eichleay, Jr., Company. Defendant appealed.

In the dedication of the street in question, the owner of the property apparently contemplated no use of the land within its limits, except for highway or other public purposes; at least nothing to the contrary appears in the record. Private property cannot be taken for private purposes and such would be the result in this case had

the ordinance of the city authorizing a lease of the property been held valid. Where land is dedicated for street purposes by the owner and accepted by the municipality, such action is equivalent to a taking (10 R. C. L. 89, 91), and the property so taken may not lawfully be applied to another and distinct purpose by the municipality unless it be a public use not inconsistent with its use as a highway. In Sterling's App., 111 Pa. 35, 40, we said: "By appropriating land for the specific purpose of a common highway, the public acquires a mere right of passage with the powers and privileges incident to such right. The fee still remains in the landowner notwithstanding the public have acquired a right to the free and uninterrupted use of the road for the purpose of passing and repassing; he may use the land for his own purpose in any way that is not inconsistent with the public easement. He may, for example, construct underneath the surface passageways for water and other purposes, or appropriate the subjacent soil and minerals, if any, to any use he pleases, provided he does not interfere with the rights of the public. In other words, the only servitude imposed on the land is the right of the public to construct and maintain thereon a safe and convenient roadway, which shall at all times be free and open for public use as a highway." In Dillon on Municipal Corporations, 5th ed., section 1176, it is said: "Not even the legislature can authorize the condemnation of private property for other than a public use; hence the appropriation of a street to a private purpose cannot be justified even by legislative authority."

In view of the foregoing authorities, it seems clear that land dedicated to use as a highway cannot be utilized for other than such purpose, except in cities and boroughs, and in those municipalities only for additional public use. as above indicated. Otherwise, a corporation invested with the right of eminent domain might lease property acquired under such right to a corporation or individual engaged in commercial or other pur-

suits and thus deprive the owner of compensation for the additional burden. If such action is possible, private property may be indirectly taken for private purposes; certainly, such is not the law.

The decree of the court below is affirmed at the costs of appellants.