## Fremont Place Improvement.

*Municipalities — Eminent domain—Streets—Abutting property owners—Public and private use of streets—Report of viewers—Damages and benefits—Exceptions.*

1. A city has no power to take land except for public use—in the case of streets for public passage of all kinds.

2. A city, having taken land for a street eighty feet wide, has no power to permit abutting property owners to use any part of it for slopes, parking, etc.

3. Exceptions to a viewers' report will be dismissed where the viewers, in passing upon the question of benefits and damages to abutting property, refuse to consider any advantage to the property holder from the use of a part of a street in any other way than as a public highway.

Exceptions to viewers' report. C. P. Allegheny Co., July T., 1924, No. 753.

Before Swearingen, Cohen and Kline, JJ.

*Richard W. Martin*, City Solicitor, *H. M. Irons* and *H. Stewart Dunn*, Assistant City Solicitors, for City of Pittsburgh.

*David L. Starr, James M. Magee, Lee C. Beatty* and *E. W. Arthur*, for exceptants.

SWEARINGEN, J.—This case came before the court upon exceptions filed by the City of Pittsburgh to the report of the board of viewers in the matter of the improvement of Fremont Place from Broadway and extending southwardly to Mackinaw Avenue, in the 19th Ward of Pittsburgh. Fremont Place is a street of the City of Pittsburgh, eighty feet wide. Its width was fixed and the grade established by ordinance approved March 29, 1912, which provided for a roadway thirty-four feet wide and for sidewalks along the sides of the roadway, each twenty-three feet in width. The city did not desire to improve the entire street, for by ordinance approved Dec. 7, 1917, the grade was re-established. That ordinance provided for a roadway twenty-two feet wide, occupying the central portion of the street, for a sidewalk seven feet wide along each side of the roadway, and for two strips, each twenty-two feet wide, outside the sidewalks, to be used for slopes, parking, etc. Fremont Place was improved pursuant to an ordinance approved Dec. 13, 1922, and in accordance with the requirements of the ordinance of Dec. 7, 1917. The total damages, costs and expenses thereof were $18,019.62.

The board of viewers concluded as matters of law:

"1. The city has no power to give to private individuals any part of the street for private use.

"2. The viewers, in passing upon the question of benefits and damages to abutting property, cannot consider any advantage to be derived to the property holder from the use of the twenty-two-foot strip in any other way except as a public highway."

Accordingly, the board assessed the city with a little more than half the damages, costs and expenses of the improvement, or $9084.14. To this report the city filed a number of exceptions, the most important being those relating to the above-mentioned conclusions of law as stated by the board of viewers.

The board evidently followed the decision of this court in In re Saranac Avenue, 71 Pitts. L. J. 729, where the propositions now advanced by the city were decided against it. By that decision we, of course, are bound. It is clear that the city has no power to take land except for public use—in the case of streets for public passage of all kinds. It is equally clear that, having taken the land for a street eighty feet wide, the city has no power to permit adjoining owners of land to use any part of it for slopes, parking, etc. Whatever

Fremont Place Improvement.

those terms may mean, they certainly do not mean that the right of passage by the public over those portions of the street shall be unobstructed, and they just as certainly import that the right to obstruct passage shall be possessed by abutting property holders. In our opinion, the principles involved in this case are likewise ruled by our Supreme Court in Ormsby Land Co. *v.* Pittsburgh, 276 Pa. 68.

The City of Pittsburgh contends that this case is to be distinguished from the case of Saranac Avenue. But we do not perceive any distinctions that are material to the issues involved here. Accordingly, the exceptions must be overruled.

From William J. Aiken, Pittsburgh, Pa.