523 A.2d 788

**Marjorie SMITH, Appellee,**

v.

**David ADAMS, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 22, 1986.

Filed April 2, 1987.

Michael J. Donohue, Scranton, for appellant.

Robert G. Dean, Montrose, for appellee.

Before WIEAND, OLSZEWSKI and CERCONE, JJ.

WIEAND, Judge:

The issue of first impression in this appeal is whether the owner of the fee underlying a township road can maintain an action in ejectment against a cable t.v. company which, with township consent, has placed three utility poles within the public right of way. The trial court held that an action in ejectment could be maintained by the landowner and ordered the removal of the poles from the public right of way. We reverse.

The case was submitted to the trial court on an agreed statement of facts. Marjorie Smith is the owner of a seventy-eight (78) acre tract of land in Clifford Township, Susquehanna County. The tract is bisected by Township Road 387. David Adams, doing business as Adams Cable T.V., installed three cable poles, with connecting cable lines, along and within the thirty-three feet wide right of way where the township road abuts Smith's land. The placement of these poles was authorized by agreement between Adams and Clifford Township. The trial court was asked to decide whether Smith, "as an abutting landowner along a township road, has a legal right to object to the placement of cable t.v. poles and line within the township road right of way, or whether the placement of such poles and line has been conferred [upon] the township ... by virtue of the right of way, held for public passage."

 The law in Pennsylvania is that a public street or road may be used for any public service without additional or further compensation becoming due an abutting landowner. *Pittsburgh National Bank v. Equitable Gas Co.*, 421 Pa. 468, 220 A.2d 12 (1966). It is the municipal government which has the power and the authority to grant permission for the use of public roads and streets within its boundaries. See: *Borough of Scottdale v. National Cable Television Corp.*, 476 Pa. 47, 51, 381 A.2d 859, 861 (1977).

When a public road is established, it is contemplated that it will be available for public travel and commerce. *Pittsburgh National Bank v. Equitable Gas Co., supra,* 421 Pa. at 474, 220 A.2d at 16. "As the means and modes of public commerce increase, what at one time would have been considered a burden on the abutting landowner is no longer so.... Evolutionary changes must be considered in determining whether a burden is imposed on the servient tenement." *Id.,* 421 Pa. at 474–475, 220 A.2d at 16.

The power of municipal governments to control public roads and streets has been confirmed in second class townships by statute. Section 1156 of the Second Class Township Code, as amended, 53 P.S. § 66156 (Supp.1986), provides as follows:

> No railroad or street railway shall hereafter be constructed upon any township road, nor shall any railroad or street railway crossings, nor any gas pipe, water pipe, electric conduits, or other piping, be laid upon or in, nor shall any telephone, telegraph, or electric light or power poles, or any coal tipples or any other obstructions be erected upon or in, any portion of a township road except under such conditions, restrictions and regulations relating to the installation and maintenance thereof, as may be prescribed in permits granted by the township for such purpose....

Cable communications have become a part of the public commercial scene. They are a vital part of the communications system by which Americans in one part of the country keep in touch with people in other parts of the nation. The Congress of the United States has established a national policy pertaining to cable communications and has established guidelines for the exercise of local authority with respect to the regulation of cable systems. See: 47 U.S.C. § 521 et seq. Pursuant thereto, the operator or franchisee of an authorized cable system is guaranteed the right to construct its system over public rights of way. See: 47 U.S.C. § 541.

■ An abutting landowner, even though he or she may own the fee underlying the public right of way, does not have the power to veto uses of the public road which have been duly authorized by public authority. *Pittsburgh National Bank v. Equitable Gas Co., supra; 46 South 52nd Street Corp. v. Manlin*, 398 Pa. 304, 157 A.2d 381 (1960). Accordingly, the plaintiff in the instant case, who is the abutting landowner, cannot compel the removal of poles which have been placed within the public right of way, with the permission of the township, as part of a cable communications system.

Judgment reversed and now entered in favor of appellant.