526 A.2d 794

George Benjamin MILLER, Jr. and Betty L. Miller, Husband and Wife, Appellees,

v.

John N. NICHOLS and Verna A. Nichols, Husband and Wife, Appellants.

Superior Court of Pennsylvania.

Argued Nov. 20, 1986.

Filed June 5, 1987.

Gregory L. Kiersz, Waynesboro, for appellants.

Edward F. Martin, Waynesboro, for appellees.

Before WIEAND, MONTEMURO and JOHNSON, JJ.

WIEAND, Judge:

May the owner of the fee underlying a rural, township road compel the removal of a neighbor's mailbox which has been placed within the public right of way at the request of the United States Postal Service? The trial court held that the mailbox served only private interests and, therefore, upheld the right of the landowner to maintain an action in ejectment. The court ordered removal of the mailbox. We reverse.

The residence of John and Verna Nichols is situated on the north side of Amsterdam Road in Washington Township, Franklin County. The postmaster advised the Nichols that mail would not be delivered along the north side of the township road and directed them to place their mailbox on the south side of the road.[1] The Nichols complied with the postmaster's directive. They placed their mailbox along the south side of the township road, but within the public right of way and 1.67 feet from the edge of the paved road

---

1. This was consistent with the Domestic Mail Manual § 156.54, incorporated by reference in the Code of Federal Regulations at 39 C.F.R. § 111.1, which provides in part as follows:

"Rural boxes must be placed so that they may be safely and conveniently served by carriers without leaving their conveyances, and must be located on the right-hand side of the road in the direction of travel of the carriers in all cases where traffic conditions are such that it would be dangerous for the carriers to drive to the left in order to reach the boxes, or where their doing so would constitute a violation of traffic laws and regulations...."

surface. The mailbox occupies an area of sixteen square inches. George and Betty Miller own the land which abuts the township road on the south. They object to the presence of the Nichols mailbox. When the Nichols refused a request to remove it, the Millers commenced an action in ejectment. The trial court entered judgment on the pleadings in favor of the Millers.

■ An owner whose property abuts a public street or road owns to the center of the road, subject to an easement of public use. *46 South 52nd Street Corp. v. Manlin,* 398 Pa. 304, 157 A.2d 381 (1960); *Scranton v. Peoples Coal Co.,* 256 Pa. 332, 100 A. 818 (1917); *Lockhart v. Craig Street Railway Co.,* 139 Pa. 419, 21 A. 26 (1891). See also: 17 P.L.E. *Highways* § 11. Appellees contend that a mailbox is a private use; appellants contend that it constitutes a public use and, therefore, can be maintained within the public right of way.

Prior to 1966, the extent of a public use easement varied according to whether the street or road was located in an urban or rural area. Rural roads were held to be for public passage only; whereas, city streets were for "any public service." *46 South 52nd Street Corp. v. Manlin, supra* 398 Pa. at 312, 157 A.2d at 386. See also: *William Laubach & Sons v. City of Easton,* 347 Pa. 542, 32 A.2d 881 (1943). In 1966, the Supreme Court discarded the distinction between city streets and rural roads and held that the rule applicable to city streets was equally applicable to rural roads. *Pittsburgh National Bank v. Equitable Gas Co.,* 421 Pa. 468, 220 A.2d 12 (1966). The court held that a subsurface pipeline, which had been laid in the bed of a township road, did not constitute an additional burden upon the abutting land. "[A]n existing street or public road," the court said, "may be used for *any* public service without additional compensation due the abutting landowner." *Id.,* 421 Pa. at 471, 220 A.2d at 14. (emphasis in original). "[W]hen any public road is established, it is clearly for the purpose *of public travel and commerce.*" *Id.,* 421 Pa. at 474, 220 A.2d at 16 (emphasis in original). The court reasoned:

As the means and modes of public commerce increase, what at one time would have been considered a burden on the abutting landowner is no longer so.... Evolutionary changes must be considered in determining whether a burden is imposed on the servient tenement.

*Id.*, 421 Pa. at 474–475, 220 A.2d at 16. See also: *Smith v. Adams,* 362 Pa.Super. 88, 523 A.2d 788 (1987). Of course, "[i]f a use obstructs the abutting land or is of a new nature not in accord with the mainstream of today's commerce, it will still be held a violation of the landowner's rights." *Pittsburgh National Bank v. Equitable Gas Co., supra* 421 Pa. at 475–476 n. 2, 220 A.2d at 16 n. 2.

■ Our research has disclosed no reported decision in any jurisdiction where the precise issue in the instant case was considered. Still, the guidelines developed by our own Supreme Court are clear. Consistently therewith, we hold that rural mailboxes which are authorized depositories for United States mail are a part of the postal system, constitute a public use, and may be maintained within a public right of way without the consent of the owner of the underlying fee.[2]

Commerce is "social intercourse." It consists of "dealings between individuals or groups in society" and entails an "interchange of ideas, opinions, or sentiments." Webster's Third New International Dictionary 456 (1965). Authorized mailboxes have become a recognized and accepted part of the landscape of America's commercial scene. Commerce, as residents of rural America have come to recognize, would be greatly impaired without the delivery of mail to their homes. The mail service, including rural mail boxes, is as much a part of the commercial scene as telephone service, with its poles and transmission lines above and below the surface of the road. Rural mailboxes are used to receive an infinite variety of items sent via the U.S.

---

2. Washington Township is not a party to these proceedings, and the United States Postal Service has intervened only as amicus curiae. Therefore, we do not now consider or decide the right of a municipal government to regulate the location or compel the removal of mailboxes from public rights of way.

Postal Service, including promotional material and the delivery of merchandise. Mailboxes also facilitate the transmission of public correspondence between citizens and their local, state, and federal governments. These matters are as diverse as the taking of a census, the assessment and collection of taxes, the registration of voters, and the return of overdue library books. In short, mailboxes permit rural residents who may live miles from the nearest post office to send and receive communications in commerce, public as well as private.[3]

The United States Postal Service is charged with providing "postal services to bind the Nation together through the ... correspondence of the people." 39 U.S.C. § 101(a). It is required "to maintain an efficient system of collection, sorting, and delivery of the mail nationwide." *Id.* § 403(b)(1). Authorized mailboxes are an essential part of the United States Postal Service's nationwide system for the delivery and receipt of the mail. *United States Postal Service v. Council of Greenburgh Civic Associations*, 453 U.S. 114, 128, 101 S.Ct. 2676, 2684, 69 L.Ed.2d 517, 529 (1981). As such, they are protected by the federal criminal code. See: 18 U.S.C. §§ 1702, 1705, 1708.

We conclude, therefore, that authorized rural mailboxes, as part of the federal postal system and the commercial scene, serve a public purpose and may be maintained within the right of way of a township road without permission from the owner of the underlying fee. See: *Black v. City of Berea*, 137 Ohio St. 611, 32 N.E.2d 1 (1941) (erection and maintenance of mailboxes upon post road is public use, being for both delivery and receipt of mail). An abutting landowner, who may also own the fee underlying the public road, cannot maintain an action to compel removal of a mailbox erected within the public right of way.

Judgment reversed. Complaint dismissed.

JOHNSON, J., files a dissenting opinion.

3. The United States Postal Service, as amicus curiae, tells us that there are over 17 million rural mailboxes along nearly 41 thousand rural carrier routes, spanning about 2.4 million miles.

JOHNSON, Judge, dissenting:

Since I am unable to agree that the voluntary erection of a private mailbox upon the property of another constitutes a public use of the highway easement, I must dissent.

The defendants, John M. and Verna A. Nichols, husband and wife, bought a residence in Washington Township, Franklin County, in January 1984. After moving in, they were informed by the local postmaster that mail would not be delivered to the north side of the road where their property was situated. Without securing the plaintiff's permission, the Nichols erected a mailbox on plaintiffs' land, in the right of way on the south side of the road. The Nichols refused plaintiffs' request to remove the mailbox and plaintiffs brought suit in ejectment.

The trial court granted judgment on the pleadings, ruling that a private mailbox is not an instrument of "public use" for the purposes of a public use easement. I agree and would, therefore, affirm the order granting to the plaintiffs a judgment on the pleadings.

The issue in this case does not involve the right of the United States Postal Service to designate where they will pick up, or deposit, mail along rural routes. Nor does this appeal present any question of whether mailboxes may be installed within a public right of way, under certain circumstances. The sole issue presented, in my view, is whether a private mailbox may properly be characterized as a "public use" as a matter of Pennsylvania law. I have found nothing in the law to support what amounts to the obstruction of the fee owners' right to uninterrupted enjoyment of the fee.

Plaintiffs have title to the center of the roadway, subject only to an easement of public use. Even after *Pittsburgh National Bank v. Equitable Gas Company*, 421 Pa. 468, 220 A.2d 12 (1966), the necessity of establishing a public use remains. Our supreme court recognized in *46 South 52nd Street Corporation v. Manlin*, 398 Pa. 304, 157 A.2d 381 (1960) that no person, corporation or individual has the right to make a special or exceptional use of the public highway

not common to all citizens except by grant from the sovereign power. *Id.*, 398 Pa. at 315, 157 A.2d at 387. There, quoting with approval from *Hindin v. Samuel*, 158 Pa.Super. 539, 542, 45 A.2d 370, 372 (1946), our supreme court recognized that:

> The highways belong to the commonwealth in trust for the great body of the people, and he who claims a peculiar privilege to invade them must establish his right under some statute, or valid municipal regulation, ordained in pursuance of statutory authority.

The narrow holding in *Manlin*, which reversed a decree permitting operation of a newstand on a public sidewalk, is to the effect that *no* private use of another's property is permitted where there has been no express approval of such use by either the municipality involved or the fee-owner. The *Manlin* majority accepted the property owner's contention that no private use may be made of the sidewalk in opposition to or over the objection of the owner, whose private right is superior to any other private right. The same rule must obtain here, where a township roadway is involved.

Which returns us to the central issue in this case. Does the erection, by an individual, of a private mailbox upon another's property constitute an authorized public use which takes priority over the fee-owner's private right? Unlike the majority, I do not find *Pittsburgh National Bank v. Equitable Gas Co., supra,* helpful in this analysis since, there, the Supreme Court *assumed* that subsurface public utility lines constituted a public use. The court was merely faced with whether the rule which theretofore had only been applicable in cases involving cities and boroughs should be extended to include townships.

I agree with the distinguished trial judge, the Honorable John R. Walker, that public use easements acquired through eminent domain may provide incidental benefits to private parties but the public must be the primary and paramount beneficiary. This is clearly true even where a public authority seeks to utilize its powers. *Price v. Phila-*

*delphia Parking Authority,* 422 Pa. 317, 221 A.2d 138 (1966). As Judge Walker correctly points out in his able opinion supporting judgment in favor of the fee-owners, one attribute of instruments designated for public use and public good is that the benefit of the instrument somehow inures to the good of the community in general. Along with Judge Walker, I fail to see how the nonconsensual placement of the Nichols' private mailbox on plaintiffs' land benefits the public in general to any degree cognizable in law.

I find nothing in the record before us to support the majority's conclusion that commerce would be greatly impaired if we do not permit one property owner to use another's property without compensation or permission. Nor do I find any support in the case before us for the majority's observation that mailboxes permit rural residents who may live miles from the nearest post office to send and receive communications in commerce where they otherwise could not. While the majority, seemingly relies on the assertion by the United States Postal Service that there are over 17 million rural mailboxes along nearly 41 thousand rural carrier routes, neither the majority nor the Postal Service enlighten this writer as to how many, *if any,* of those mailboxes have been erected over the objection of the property owner and without compensation.

The result announced by the majority will permit any person to select a spot of his or her choosing upon another's property and—so long as the site remains within an easement for public use—place a private mailbox on that site, without notice to the property owner involved and with no participation by municipal authority or other third party review. The majority is prepared to transfer to a United States Postal Service user the right to seize a person's property without due process of law and without compensation. I find this both unnecessary and most unfortunate.

The trial court astutely found that the Nichols were not without recourse. They remain free to contract with other landowners in order to secure a proper place along the

516

delivery route for their mailbox. They also are free to rent a local post office box. On the record before us, they would even remain free to seek some agreement with the plaintiff fee-owners for maintaining their mailbox where it was erected. Since I cannot be persuaded that private, individual mailboxes rise to the level of a public use inuring to the benefit of the community in general, and since the defendant-appellants have reasonable alternatives to their attempted appropriation of another's property, I must respectfully dissent.