## Strawn v. C. & K. Well Management Inc.

*Elizabeth K. Kelly,* for plaintiffs.
*Bruce L. Smith,* for defendant.

WALKER, *J.*, April 13, 1988—The plaintiffs are the owners of land in Rome Township, Crawford County, Pennsylvania which fronts on a township road. Defendant is a private company which manages oil and gas production and transportation for independent producing companies. The pleadings are not entirely in agreement as to the nature of the defendant's business, but it clearly is not a public utility, nor is it in the nature of one and, therefore, the exact nature of its business is not relevant to the ultimate decision in this case. In the late fall of 1986, defendant contacted plaintiffs in an effort to obtain a private right-of-way across plaintiffs' land for the construction of an oil and/or gas transmission line for oil and gas producers to run from producing wells to some ultimate sales point. No agreement was reached between the parties regarding such a right-of-way and thereafter defendant contacted the supervisors of Rome Township and ob-

tained permission to run the pipeline within the road right-of-way in front of plaintiffs' property.

After the line had been constructed, plaintiffs requested its removal in the spring of 1987 and defendant refused. As a result this litigation was commenced and plaintiffs ask first, for a mandatory injunction for the removal of the pipeline, and secondly, for money damages. Defendant responded by admitting the construction of the pipeline but asserts that since it is in the township right-of-way and they have the permission of the township authorities to construct it, plaintiffs have no right to request its removal. After the pleadings were closed, plaintiffs filed a motion for summary judgment which would have to be considered a motion for partial summary judgment since the only issue that could be decided based on the pleadings and the relatively undisputed facts would be the right of plaintiffs to have the pipeline removed. Any question of damages would have to await a trial. Defendant responded by filing a countermotion for summary judgment.

There appear to be no genuine material issues of fact relevant to the basic legal question presented, that is, can the township supervisors grant a valid right-of-way in a township road to an independent oil and gas producer or its agent that is not a public utility, and whose facilities are not in the nature of a public utility, without the consent of the abutting landowner. This issue has been faced on several occasions by our appellate courts, and we believe that the answer clearly is that the township has no such authority and that the construction and maintenance of the pipeline under the circumstances of this case constitutes a continuing trespass on plaintiffs' land.

Preliminarily we should determine what plaintiffs in fact own. Defendant argues that the deeds to plaintiffs with descriptions in each instance which commence "Beginning at a point in the center of the public road leading from Mageetown to Gilson Ridge" is a scrivener's error because the underlying deed into plaintiffs' grantors shows the description as "east by public road leading from Mageetown to Gilson Ridge." This ignores a fundamental principle of Pennsylvania law that any deed which names a public street as a boundary in the absence of clear language to the contrary conveys to the grantee the land lying under the public right-of-way to the center of that right-of-way. This legal principle is clearly set out in *Cox v. Freedley,* 33 Pa. 124 (1859) which also makes reference to an earlier case of *Paul v. Carver,* which apparently reached the appellate court twice and is reported in 12 Harris 207, and 2 Casey 223, 26 Pa. 223. More recently, the same principle was enunciated in *Rahn v. Hess,* 378 Pa. 264, 106 A.2d 461 (1954) Clearly plaintiffs own the land to the centerline of the road leading from Mageetown to Gilson Ridge subject to the right of the public to utilize it as a road.

As to the use of a public street, the law seems to have developed that the municipality may grant the use of the right-of-way not only for passage by vehicular or pedestrian traffic, but may also utilize it by granting to public utilities and franchise holders who serve the public the right to the use of it. Thus, it is routine that such companies that serve the public as electric companies, telephone companies, gas companies, water companies and municipalities which operate sewer and water facilities, may utilize the surface or subsurface of the right-of-way without permission of the abutting owner.

The rule is applicable whether the land is acquired by the municipality by dedication from the private owner or by condemnation by the municipal government. *Ormsby Land Company v. Pittsburgh et al.,* 276 Pa. 68, 119 Atl. 730 (1923).

In earlier days when public utilities had not proliferated the law grew up in a bifurcated manner as to the rule applicable to township roads and the rule applicable to city streets. In the early case of *Sterling's Appeal,* 11 Pa. 35, 2 Atl. 105 (1886), the Supreme Court held that the construction of a subsurface pipeline imposed an additional servitude on the abutting owner. There the court said:

"By appropriating land for the specific purpose of a common highway, the public acquires a mere right of passage with the powers and privileges incident to such rights. The fee still remains in the landowner notwithstanding the public having acquired a right to the free and uninterrupted use of the road with the purposes of passing and repassing."

Thus, the court held that as to township roads anything other than travel was an imposition of an additional burden. On the other hand, the same court ruled that a city or borough could use public streets for any public service without additional or further compensation due the abutting landowners. *McDevitt v. Gas Company,* 160 Pa. 367, 28 Atl. 948 (1894).

In *Pittsburgh National Bank v. Equitable Gas Co.,* 421 Pa. 468, 220 A.2d 12 (1966), the Supreme Court traced these varying philosophies and frankly admitted that at least to some extent they were in error, but in any event held that as to all public roads there was a right to utilize them for public services regardless of the location of the public road. It

is thus clear that Rome Township can utilize its roads for the facilities of public utilities.

Defendant cites the case of *Smith v. Adams,* 362 Pa. Super. 88, 523 A.2d 788 (1987), as authority for its right to maintain its pipeline in the public highway. We believe that defendant misreads *Smith. Smith* does not hold that private companies may acquire rights in township roads from the township supervisors. Its real holding is that television cable companies have become so ensconced on the American scene as to occupy the same place and have the same rights and privileges as other utility companies such as electric and telephone companies. There the court said:

"Cable communications have become a part of the public commercial scene. They are a vital part of the communication system by which Americans in one part of the country keep in touch with people in other parts of the nation . . .

"An abutting landowner even though he or she may own the fee underlying the public right-of-way does not have the power to veto uses of the public road which have been duly authorized by public authority. (citations omitted)

"Accordingly, the plaintiff in the instant case who is the abutting landowner cannot compel the removal of poles which have been placed within the public right-of-way with the permission of the township as part of a cable communication system."

We still find no authority that would permit the township to grant to a private company the right to the use of the township road. In *In re City of Altoona,* 479 Pa. 252, 388 A.2d 313 (1978), the Supreme Court said:

"Dedication of a public street does not invest a municipality with a fee title to land on which the

roadway rests. What the municipality acquires is the right to use, maintain, regulate and control that land as a street or road for the benefit of the public. Stated more succinctly what the public obtains is the right of passage, the fee continues to be in the owner or owners of the land. (citations omitted) As we said in *Hoffman v. Pittsburgh,* 365 Pa. 386, 75 A.2d 649 (1950) where land is dedicated for street purposes by the owner and accepted by the municipality, such action is equivalent to a taking and the property so taken may not lawfully be applied to another and distinct purpose by the municipality unless it be a public use not inconsistent with its use as a highway."

We find no authority which would permit the grant of a private use in a public roadway. In *46 South 52nd Street Corp. v. Manlin,* 398 Pa. 304, 157 A.2d 381 (1960), in an area as sensitive as the constitutionally guaranteed freedom of the press and dissemination of newspapers, the Supreme Court held that maintaining a kiosk for the sale of newspapers on a public sidewalk was a private use which the abutting owner could enjoin.

Defendant also cites the Second Class Township Code and specifically, 53 P.S. §66156, regarding the authority of a township as to the use of its roads. That statute requires a permit from the State Highway Department (now Department of Transportation) before the construction of certain facilities such as telephone, telegraph pipelines, etc., in public streets. We do not believe that statute was intended to enlarge the rights of municipalities or diminish the rights of abutting landowners. We view it as a protection for the public in making sure that public utilities who utilize public roads will do so in a proper manner. Obviously, Rome Township cannot field an engineering staff to equal that of the

Pennsylvania Electric Company or National Fuel Gas. The purpose of the statute was to put the commonwealth through its highway department in the ring with the major public utility to make sure that the use made of public highways was compatible with the public's interest.

## DECREE NISI

And now, April 13, 1988, the court finds as a matter of law that defendant has no legal right to maintain the pipeline within the road right-of-way fronting on plaintiff's land and is enjoined from maintaining it without the consent of plaintiffs. Defendant shall remove said pipeline within 90 days of the date this decree nisi becomes a final decree.

On motion of any party in interest, a hearing date will be set to receive evidence in relation to the issue of damages.

The prothonotary shall give notice of this decree nisi to counsel for all parties in accordance with Pa. R.C.P. 1517.